Dominick James and Dena Marie Sorvillo v. Commissioner.
Sorvillo v. Commissioner
Docket No. 5933-67.
United States Tax Court
T.C. Memo 1969-270; 1969 Tax Ct. Memo LEXIS 21; 28 T.C.M. (CCH) 1367; T.C.M. (RIA) 69270; December 15, 1969, Filed Dominick James Sorvillo and Dena Marie Sorvillo, pro se, 1257 S. Ft. Harrison, Clearwater, Fla. Frank B. Metcalf, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the income tax of petitioners for the taxable year 1966 in the amount of $101.66 has been determined by the Commissioner. The only issue presented is the correctness of respondent's disallowance of a dependency exemption for one Angelo Gerardi. Findings of Fact All of the stipulated facts are found as fact herein. Petitioners timely filed their income tax return for the calendar year 1966 with the district director of internal revenue at Chamblee, Georgia. At the time of the filing of their petition herein they resided at Clearwater, *22 Florida. Angelo Gerardi is the brother of Dena Marie Sorvillo. He is an ex-serviceman and contracted a circulatory disease while in service which incapacitates him so far as work is concerned. He resided with petitioners in their home during the entire year 1966. In that year he received social security payments totaling $1,002 and $793.80 from the Veterans Administration. In addition, he received at least monthly medical services at a military hospital in Florida, including doctors' services, medicine, x-rays, and bandages. For lodging and food furnished by petitioners to Gerardi, he paid petitioners $400 during 1966. Petitioners expended $780 for the food consumed by Gerardi and the fair rental value of the living quarters furnished him during 1966 was $720. Their total expenditure for his support during that year was thus $1,500. Ultimate Finding of Fact Petitioners did not furnish more than half of Gerardi's total support during 1966. Opinion Our ultimate finding is dispositive of the issue presented because of the provisions of section 152(a) [1] of the Internal Revenue Code of 1954. Gerardi received $1,795.80 cash total from social security *23 payments and the Veterans Administration. In addition, he received at least monthly medical services at a military hospital in Florida, including doctors' services, medicine, x-rays, and bandages, the value of which is not shown by the record. As near as can be determined from the record, the value of such medical services during the year at issue was $482. The total support furnished by the Government was at least $2,277.80. Although the quality of the evidence offered by petitioners is virtually totally lacking in probative force (being entirely on the basis of estimates), the most they claim for their contribution for Gerardi's support is $2,045.40. Our ultimate finding is required as a matter of mathematics. Decision will be entered for the respondent. 1368 Footnotes
1. Sec. 152(a). General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): * * * (3) A brother * * *↩